# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 13, 2012

Lyle W. Cayce
Clerk

No. 11-30777
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE ISRAEL LEYVA-DURAN,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CR-3-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Israel Leyva-Duran pleaded guilty to illegal reentry and was sentenced to 21 months in prison, at the top of the applicable advisory Guidelines sentencing range. Leyva contends his sentence was unreasonable and that he deserved a downward departure. He asserts the district court did not: properly apply the 18 U.S.C. § 3553(a) factors; take into account his cultural assimilation into the United States; and provide adequate reasons for the sentence imposed. On this record, our court lacks jurisdiction to review the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

downward-departure denial, although Leyva may still challenge his sentence as unreasonable. *United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir. 2007), *abrogation on other grounds recognized by United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).

A challenge to the procedural and substantive reasonableness of a sentence is reviewed in the light of the 18 U.S.C. § 3553(a) sentencing factors. *Gall v. United States*, 552 U.S. 38, 49-50 (2007).  If error has been preserved, review is for abuse of discretion, *id.* at 51; if not, only for plain error, *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Sentences are reviewed first for procedural error, then for substantive reasonableness. *Gall*, 552 U.S. at 51.

The record does not support Leyva's assertion that the district court failed to consider the § 3553(a) sentencing factors; the court stated it had considered them in determining Leyva's sentence.  And, although Leyva asserted he had culturally assimilated to the United States, this is not a mandatory basis for a departure, and the district court was not required to accord this fact dispositive weight.  *E.g.*, *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

Finally, regarding the adequacy of district court's explanation of sentence, Leyva failed to raise this issue before the district court, and, therefore, review is only for plain error.  Because there is no indication his sentence would have been different had the court provided greater explanation of its selected sentence, Leyva has not shown that any alleged deficiency in the district court's explanation affected his substantial rights. *E.g.*, *Mondragon-Santiago*, 564 F.3d at 361.

Although Leyva asked for a sentence below the advisory Guidelines sentencing range, he did not specifically object to the sentence imposed. Nevertheless, we need not determine which standard of review applies (*i.e.*, abuse of discretion or plain error), as Leyva is unable to satisfy either standard.

Being within the properly-calculated Guidelines range, Leyva's sentence is entitled to a presumption of reasonableness. *E.g.*, *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court considered Leyva's request for a below-Guidelines sentence but determined that the record (particularly Leyva's numerous drug-and-alcohol-related convictions), in the light of the § 3553(a) factors, called for a sentence at the top of that range. Leyva has not shown the district court committed "a clear error of judgment in balancing sentencing factors". *Id.*

AFFIRMED.